```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| GREGORY W. BRUSSO, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | )   CIVIL ACTION NO. |
|  | )     16-10332-WGY |
| UNITED STATES GOVERNMENT, | ) |
|  | ) |
| Respondent. | ) |

<u>ORDER</u>

YOUNG, D.J.                                         March 29, 2016

Now before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Gregory Brusso, a prisoner confined at FMC Devens. For the reasons stated below, the Court <u>denies</u> the petition.

In 2014, following a guilty plea, Brusso was convicted in the Federal District Court for the District of Vermont on one count of accessing child pornography; he was later sentenced to a term of imprisonment of 18 months, to be followed by a five-year term of supervised release. <u>See</u> <u>United States v. Brusso</u>, Crim. No. 13-00153 (D. Vt.). He did not appeal his conviction or sentence.

In March 2015, Brusso filed a motion under 28 U.S.C. § 2255 ("§ 2255") challenging the validity of his conviction. <u>See</u> <u>id.</u> (#54). He raised a Fourth Amendment challenge to a search warrant that had been the subject of a motion to suppress that was pending at the time he pled guilty. The magistrate judge recommended that the § 2255 motion be denied on the grounds that (1) by entering a guilty plea, Brusso had waived any claim regarding the search warrant that he had raised in his motion to

suppress; and (2) Brusso's failure to raise the claims regarding the suppression motion on direct appeal precluded collateral review, where Brusso had not shown good cause for the default or actual innocence. See id. (#75). On December 23, 2015, over Brusso's objection that counsel had informed him that there was no basis to appeal his conviction, the district judge adopted the report and recommendation and denied the § 2255 motion, denied a certificate of appealability, and certified that any appeal would not be taken in good faith. See id. (#77). Brusso did not ask the court of appeals to issue a certificate of appealability. See Fed. R. App. P. 22(b).

On February 11, 2016, Brusso filed the present petition under 28 U.S.C. § 2241 ("§ 2241"). He raises therein the same challenge to the validity of his conviction that was the subject of his § 2255 motion––that false information was used to procure the search warrant that resulted in the discovery of evidence that was the basis of the prosecution against him. He argues that the court in the District of Vermont erred in concluding he had not proved a violation of his constitutional rights.

Under § 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Under the so-called "savings clause" of this statute, a federal prisoner cannot challenge the legality of his sentence through an application for a writ of habeas corpus unless it appears that a § 2255 motion is "inadequate or ineffective to

test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999) (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241").

Here, Brusso has not identified any reason for which his § 2255 motion was inadequate or ineffective to challenge his conviction. His § 2241 petition brings the same challenge to his conviction that was raised in the § 2255 motion. Brusso's argument appears to be that the district court in Vermont should have granted his § 2255 motion. This assertion is insufficient to satisfy the savings clause of § 2255(e). Even assuming, arguendo, that the court erred in denying Brusso's § 2255 motion, a negative outcome in a § 2255 motion does not render such motion an inadequate or ineffective vehicle to test the legality of a prisoner's detention. "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (10th Cir. 1998)). Here, a motion under § 2255 gave Brusso access to judicial review of the arguments that he is raising in this Court.

Accordingly, the petition for a writ of habeas corpus is DENIED.

SO ORDERED.

                                         /s/ William G. Young
                                         WILLIAM G. YOUNG
                                         UNITED STATES DISTRICT JUDGE